Opinion
WONG, J.
Appellant wasconvicted under section 650 of the Penal Code which reads: “Every person who knowingly and. wilfully sends or delivers to another any letter or writing, whether subscribed or not, threatening to accuse him or another of a crime, or to expose or publish any of his failings or infirmities, is guilty of a misdemeanor.”
The statute was enacted in 1872, but there are no reported cases passing *Supp. 3 upon its validity. The only reference to the statute wás in People v. Beggs (1918) 178 Cal. 79.[172 P. 152] in which the court noted that section 650 of the Penal Code was adopted at the same time as certain extortion statutes (Pen. Code, §§ 519 and 523). Section 523 of the Penal Code prohibits the sending of threatening letters “with intent to extort any money or other property from another.”
Section 650, however, makes no reference to the use of fear to obtain property. Nor does it require that the threat to accuse one of crime be a wrongful or an unjustified accusation. Thus, a person who sends a letter to a neighbor threatening to file a trespass complaint if the latter continues to trespass over land belonging to the former could be prosecuted under section 650.
Section 650 also makes it unlawful to expose or publish any of the failings or infirmities of another. Again, the statute does not require bad faith or an intent to injure. Thus, a teacher who sends a letter to a student warning him that continued absence from classes would result in notification of his parents could also be prosecuted under section 650.
It is difficult to determine the legislative policy of the statute in question. Moreover, the sending of letters and writings is an activity protected by the First Amendment, and hence such activity must be given a preferred position in balancing the various public and private interests involved (see Marsh v. Alabama (1946) 326 U.S. 501 [90 L.Ed. 265, 66 S.Ct. 276]; Saia v. New York (1948) 334 U.S. 558 [92 L.Ed. 1574, 68 S.Ct. 1148]). In the present case the balance clearly favors the protected activity over the restrictions imposed by the statute, which we declare to be unconstitutional on its face.
The use of the vague terms such as “failings” and “infirmities” also raises a question of constitutional proportions. “A failure of a statute limiting freedom of expression to give fair notice of what acts will be punished and such a statute’s inclusion of prohibitions against expressions, protected by the principles of the First Amendment, violates an accused’s rights under procedural due process and freedom of speech or press.” (Winters v. New York (1948) 333 U.S. 507, 509-510 [92 L.Ed. 840, 846-847, 68 S.Ct. 665].)
Because the legislative objectives of the statute in question are largely covered by section 523 of the Penal Code, we believe it is unnecessary to even attempt to save the statute by judicial construction. *Supp. 4 The judgment of conviction is reversed with instructions to dismiss the complaint.
Whyte, P. J., and Katz, J., concurred.